IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY SMITH, | : CRIMINAL ACTION |
| Petitioner, | : NO. 03-356-01 |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                 APRIL 22, 2009

Petitioner Larry Edward Smith ("Petitioner") filed this habeas corpus petition under 28 U.S.C. § 2255, collaterally attacking his sentence and asking the Court to vacate, set aside, or correct his sentence. Petitioner alleges ineffective assistance of counsel at the district court and appellate levels. For the following reasons, Petitioner's habeas petition is denied.

I.  BACKGROUND

Petitioner was charged by an indictment with: (1) one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); (2) one count of attempted carjacking, in violation of 18 U.S.C. § 2119(a) ("Count Three"); (3) two counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Counts Two and

Four"); and (4) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Five").

On September 29, 2003, following trial, the jury found Petitioner guilty of Counts One through Four.[1] On October 8, 2003, Petitioner filed a motion for new trial under Fed. R. Crim. P. 33, alleging that during jury deliberations one of the jurors had contact with an Assistant United States Attorney (who was not an attorney on the case). On February 26, 2004, following briefing and an evidentiary hearing, Petitioner's motion for a new trial was denied because there was neither juror or prosecutorial misconduct nor prejudice to Petitioner.

On May 7, 2004, the Court sentenced Petitioner to 472 months imprisonment. On appeal, Petitioner argued that this Court erred by: (1) denying Petitioner's motion for a new trial; and (2) making guideline determinations for the purpose of sentencing rather than submitting such issues to the jury. The Third Circuit upheld this Court's denial of Petitioner's motion for a new trial, but remanded for re-sentencing under United States v. Booker, 543 U.S. 220 (2005). See United States v. Larry Smith, 139 F. App'x 475, 478 (3d Cir. 2005). This Court then re-sentenced Petitioner to 408 months imprisonment.

---

[1] Count Five was bifurcated from the other charges at trial to avoid prejudice. Following the guilty verdicts on Counts One through Four, the Government dismissed Count Five.

On June 12, 2008, Petitioner filed the instant habeas petition under 28 U.S.C. § 2255. On September 18, 2008, the Government filed its response. It is this motion that is currently before the Court.

II. ANALYSIS

Section 2255 allows a prisoner in custody to attack his sentence if it was imposed in violation of the Constitution or statute, the court lacked jurisdiction to impose it, it exceeds the maximum allowed by law, or it is otherwise subject to collateral attack. See 28 U.S.C. § 2255. A petitioner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record that he is not entitled to relief. See United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989). Here, Petitioner is not entitled to an evidentiary hearing because it is clear from the record that his habeas petition should be denied.

During the trial and his appeal, Petitioner was represented by attorney Howard D. Popper. Petitioner argues that his counsel was ineffective for the following reasons: (1) failing to challenge perjured testimony of Michael and Sharon Franks; (2) failing to pursue a challenge to the composition of the jury pool; (3) failing to challenge the second count of

brandishing a firearm,[2] which should have been viewed as part of a single episode of brandishing; and (4) failing to effectively challenge the conviction by raising somewhat vague issues and wrong issues on his motion for a new trial, and then presenting the same weak issues on direct appeal, and failing to petition for en banc rehearing or certiorari.

In order to prevail upon an ineffective assistance of counsel argument, a petitioner must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that his counsel's performance was deficient. Id. at 687. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. Second, a petitioner must show that the deficient performance prejudiced the defense. Id. The Court denies Petitioner's ineffective assistance of counsel claim because Petitioner fails to meet both prongs of Strickland. Even assuming that any of the examples of ineffective assistance of counsel proffered by Petitioner do constitute deficient performance sufficient to satisfy prong one of Strickland, Petitioner is unable to show that these actions were prejudicial to his defense.

---

[2] The actual offense is carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Petitioner and the Government both refer to the offense as "brandishing a firearm."

A. <u>Failure to Challenge Perjured Testimony</u>

The Court rejects the ineffective assistance of counsel claim based upon the alleged failure to challenge perjured testimony of Michael ("Michael") and Sharon ("Sharon") Franks. Petitioner specifically claims that Michael previously swore under oath that Ronald Smith, Petitioner's co-defendant, robbed him, and Sharon stated Petitioner fired at her and her family.

Despite Petitioner's contention, his counsel cross-examined Michael and Sharon on the very same issues now raised. Defense counsel questioned Michael as follows:

> Q . . . isn't it true that you were asked by the district attorney who came into the Texaco station on February 7th 2003, pulled a gun on you and robbed the station, and you did not identify [Petitioner] on that day, rather you identified his brother --
>
> A Correct
>
> Q -- Ron Smith, is that correct?
>
> A Yes, that's correct

Trial Tr. 128:17-24, Sept. 24, 2003. During closing argument, defense counsel once again pointed to the inconsistency in Michael's testimony. Trial Tr. 36:17-23, Sept. 26, 2003.

Defense counsel questioned Sharon regarding her statements to a 911 operator as follows:

> Q And you were screaming --
>
> A -- at the -- at --

-5-

```
Q    -- you were screaming --
A    I was screaming, yes.
Q    -- "he's shooting at us, he's shooting at us"?
A    Yes.
Q    He wasn't shooting at you, was he?
A    Well, nothing was going off, no, but he had the
     gun pointed at us.
```
Id. at 177:10-18.

Here, Petitioner's claim that his counsel failed to challenge Michael's and Sharon's testimony is unfounded. The record clearly shows that Petitioner's counsel impeached Michael and Sharon on the precise issues Petitioner raised in support of his claim of ineffective assistance of counsel. Accordingly, there is nothing to suggest that Petitioner's counsel was deficient in this regard much less that Petitioner suffered prejudice.

B.   Failure to Pursue a Challenge to Jury Panel

The Court rejects the ineffective assistance of counsel claim based upon the alleged failure to pursue a challenge to the composition of the jury pool. On September 18, 2003, during voir dire, Petitioner's counsel moved to strike the jury panel because it was not a fair-cross-section of the community. Specifically, Petitioner's counsel contended that there were very few

minorities on the panel. The Court then directed Petitioner's counsel to submit a memorandum of law on the issue if he wished to continue the objection. By letter dated September 19, 2003, Petitioner's counsel withdrew the request to strike the panel.

"[T]he selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." Taylor v. Louisiana, 419 U.S. 522, 528 (1975). The Supreme Court did not, however, entitle a defendant to a jury of a particular composition or ratio. Id. at 538; United States v. Weaver, 267 F.3d 231, 236 (3d Cir. 2001); United States v. Ronald Smith, 247 F. App'x 321, 323 (3d Cir. 2007) (not precedential); cf. Jury Selection and Service Act of 1968, 20 U.S.C. § 1861 et seq. (providing for random selection of petit juries from a cross-section of the community).

A defendant seeking to establish a violation of the fair-cross-section requirement for jury composition must demonstrate: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in jury venires is not "fair and reasonable" in relation to the number of such person in the community; and (3) the under-representation is caused by the "systematic exclusion of the group in the jury selection process." Weaver, 267 F.3d at 237 (quoting Duren v. Missouri, 439 U.S. 357, 364 (1979)); see

-7-

also Smith, 247 F. App'x at 323. The second prong of the Duren test must be supported by statistical evidence, which examines jury selection practices in a district over a significant period of time. Weaver, 267 F.3d at 240, 241 n.9; see also Smith, 247 F. App'x at 323.

Moreover, plans using voter registration lists for the selection of jurors is an approved method in the Third Circuit. Weaver, 276 F.3d at 237 (approving random selection of jurors from voter registration lists); Ramseur v. Beyer, 983 F.2d 1215, 1233 (3d Cir. 1992) (approving voter registration and motor vehicle lists "using facially neutral criteria [that] allow no opportunity for subjective or racially motivated judgments."); see also Smith, 247 F. App'x at 323 n.2. This Court has likewise approved the use of voter registration lists. See, e.g., United States v. Mortimer, No. Crim. A. 97-293-01, 1999 WL 504560, *2 (E.D. Pa. July 14, 1999) (Hutton, J.); United States v. Ortiz, 897 F. Supp. 199, 204 (E.D. Pa. 1995) (Bartle, J.).

Here, Petitioner neither substantiates his claim with statistical evidence that the petit jury violated the fair-cross-section requirement nor alleges such evidence existed at the time of his trial. Based on the evidence on the record, Petitioner's counsel moved to strike the jury panel and withdrew the request after considering the law on the issue. Furthermore, even though Petitioner does not challenge the practice of selecting jurors in

this district, such a challenge would almost certainly fail. For these reasons, the Court finds Petitioner's counsel was not deficient for deciding to withdraw the request to strike the jury panel and Petitioner did not suffer prejudice as a result.[3]

C. Failure to Challenge Second "Brandishing" Count

The Court rejects the ineffective assistance of counsel claim based upon the alleged failure to challenge the second count of brandishing a firearm, which should have been viewed as part of a single episode of brandishing.[4] In particular, Petitioner claims his counsel should have challenged the second count of brandishing a firearm because: (1) he continuously held the firearm; and (2) the attempted carjacking occurred before the second brandishing of a firearm, whereby the second count of brandishing a firearm is subsumed by the attempted carjacking.

The Third Circuit has rejected Petitioner's "same

---

[3] In any event, the request was not timely made. See Smith, 247 F. App'x at 322-23 (citing 28 U.S.C. § 1867(a), (e)).

[4] Petitioner was convicted of two counts of carrying a firearm, in violation of 18 U.S.C. § 924(c). Count Two carried a mandatory eighty-four-month term of imprisonment to be served consecutively to any other count. Count Two relates to when Petitioner brandished a firearm during the robbery of the Texaco station. Count Four carried a mandatory 300-month term of imprisonment. Count Four relates to when Petitioner pointed a firearm at Anthony Straface during the attempted carjacking of his vehicle.

course of continuing conduct" argument in <u>United States v. Casiano</u>, 113 F.3d 420, 425-26 (3d Cir. 1997).  In <u>Casiano</u>, the defendants were sentenced on conspiracy, carjacking, and kidnapping counts to run concurrently.  <u>Id.</u> at 423-24.  In addition, the district court sentenced the defendants to an additional term of imprisonment for carrying a firearm in relation to the carjacking and another term of imprisonment for carrying a firearm in relation to the kidnapping.  <u>Id.</u>  The defendants argued that the district court improperly applied 18 U.S.C. § 924(c)(1), relating to carrying a firearm in connection with a kidnapping offense, as "a second or subsequent conviction."  <u>Id.</u> at 424.

The Third Circuit affirmed the imposition of an enhancement for a second or subsequent conviction of carrying a firearm during and in relation to a crime of violence when the conviction arose out of the same criminal episode.  <u>Id.</u> at 426.  The <u>Casiano</u> court reasoned "[i]t is unquestionable that crimes occurring as part of the same underlying occurrence may constitute separate predicate offenses if properly charged as separate crimes.  It follows that each may be a separate predicate for a § 924(c)(1) conviction . . . ."  <u>Id.</u>

With respect to Petitioner's second argument, Count Four charged Petitioner with carrying a firearm "during and in

relation to a crime of violence . . . ." It makes no legal difference whether Petitioner effectively brandished the firearm from the outset or while the offense was in progress. The evidence shows that Petitioner carried a firearm during and in relation to the carjacking. For these reasons, the Court finds Petitioner's counsel was not deficient for not challenging the second count of brandishing a firearm and Petitioner did not suffer prejudice as a result.[5]

   D.   <u>Failure to Effectively Challenge Errors at Trial and on Appeal</u>

The Court rejects the ineffective assistance of counsel claim based upon the alleged: (1) failure to effectively challenge the conviction by raising somewhat vague issues and wrong issues on his motion for a new trial; (2) presenting the same weak issues on direct appeal; and (3) and failing to petition for <u>en banc</u> rehearing or <u>certiorari</u>. The Court will address each argument <u>ad seriatim</u>.

First, Petitioner claims that his counsel argued juror and prosecutorial misconduct and abuse of discretion when the

---

[5] To the extent Petitioner alleges the second brandishing of a firearm count should not have been used to enhance his sentence, this argument lacks merit. The Third Circuit in <u>United States v. Couch</u>, affirmed such an enhancement under 18 U.S.C. § 924(c)(1)(C). 291 F.3d 251, 256 (3d Cir. 2002).

argument should have been violation of Petitioner's Sixth Amendment right to a fair and impartial trial by jury based on juror bias, which caused structural error. Petitioner's claim that his counsel was deficient for not specifically arguing a violation of the Sixth Amendment in his motion for a new trial fails under a Strickland analysis. Petitioner's counsel had sound reasoning and a good basis for raising arguments based on juror and prosecutorial misconduct and abuse of discretion. Petitioner's counsel was not deficient for failing to effectively challenge Petitioner's conviction. Trial counsel cannot be deemed ineffective merely for not achieving a desired result. Furthermore, there is nothing to suggest Petitioner suffered prejudice.

Second, Petitioner claims that his counsel should have used a stronger argument on appeal to the Third Circuit. The Supreme Court of the United States makes clear that appellate counsel "need not advance *every* argument, regardless of merit, urged by the appellant . . . ." Evitts v. Lucey, 469 U.S. 387, 394 (1985) (citing Jones v. Barnes, 463 U.S. 745 (1983)) (emphasis in original); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (finding "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the

likelihood of success on appeal."); Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (finding no duty to raise every possible claim). The test for prejudice under Strickland, according to the Third Circuit, is whether the appellate court "would have likely reversed and ordered a remand had the issue been raised on direct appeal." United States v. Mannino, 212 F.3d 835, 844 (3d Cir. 2000).

Here, Petitioner's counsel raised the following challenges on appeal: (1) error by denying Petitioner's motion for a new trial; and (2) making guideline determinations for the purpose of sentencing rather than submitting such issues to the jury. Although the Third Circuit upheld this Court's denial of Petitioner's motion for a new trial, it remanded for re-sentencing under Booker, 543 U.S. 220. See United States v. Smith, 139 F. App'x 475, 478 (3d Cir. 2005). Petitioner ultimately benefitted when he was re-sentenced to 408 months imprisonment, rather than the original imposition of 472 months imprisonment.

As established by Supreme Court and Third Circuit precedent, Petitioner's counsel is not deficient merely because he did not specifically claim a violation of the Sixth Amendment right to a fair and impartial trial by jury based on juror bias. Petitioner's claim is also without merit because the essence of

-13-

the argument on appeal dealt with whether this Court properly found that a juror remained impartial after a brief interaction with an Assistant United States Attorney, which was affirmed by the Third Circuit. Smith, 139 F. App'x at 478. Accordingly, Petitioner suffered no prejudice from his counsel's alleged failure to specifically raise a violation of the Sixth Amendment on appeal.

Third, Petitioner's counsel then failed to petition for en banc rehearing or certiorari. The Supreme Court of the United States recognizes that the right to appellate counsel is limited to the first appeal as of right. Evitts, 469 U.S. at 394; see also Henderson v. Frank, 155 F.3d 159, 166 (3d Cir. 1998) (finding "[t]he right to counsel attaches at arraignment, extends through the first appeal and guarantees an accused the assistance of counsel at all critical stages of a proceeding.") (citing Michigan v. Harvey, 494 U.S. 344, 357 (1990)). Here, there is no recognized right to a petition for en banc rehearing or certiorari. Thus, Petitioner's counsel was not deficient for not having done so. Furthermore, there is nothing to suggest Petitioner suffered prejudice as a result.

An appropriate order follows.